**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **RICHARD ROGERS,** ) | Case No. 3:07 CV 70 |
| ) | |
| Petitioner, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **JULIUS WILSON,** ) | |
| ) | |
| Respondent. ) | |

Before the Court is the Report and Recommendation of Magistrate Judge George J. Limbert ("R&R"), filed on March 28, 2008 and re-issued to Petitioner Richard Rogers on April 7, 2008 (**ECF No. 10**). The Magistrate Judge recommends that the Court deny the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition") (**ECF No. 1**).

Petitioner Richard Rogers was convicted, upon entering a plea of no contest, to (1) drug-trafficking with a firearm specification for which a prison term of 6 years was imposed, (2) possession of drugs with a firearm specification for which a prison term of 6 years was imposed, and (3) having weapons under a disability with a firearm specification for which a prison term of 10 months was imposed. He also pled no contest, in a separate case, to carrying a concealed weapon for which a prison term of 12 months was imposed. All sentences were to run concurrently with a one-year firearm specification to run consecutively, for a total prison

sentence of 7 years. Rogers' convictions were affirmed on appeal, over his contention that the trial court erred when it overruled his motion to suppress evidence, where such evidence was obtained through a warrantless, unreasonable search of his person. *See State v. Rogers*, 2005 WL 2471693, 2005-Ohio-5358 (Ohio App. 6 Dist. Oct. 7, 2005). Rogers filed a notice of appeal to the Supreme Court of Ohio, arguing that he was denied due process and equal protection of the law when the trial court overruled his timely motion to suppress evidence that was obtained in violation of the Fourth Amendment. The Supreme Court denied jurisdiction to review his appeal. *State v. Rogers*, 108 Ohio St.3d 1488, 2006-Ohio-962, 843 N.E.2d 794 (Ohio Mar. 8, 2006) (table). He brings the same claim now on a petition for writ of habeas corpus.

The Magistrate Judge recommends that the Court deny the § 2254 Petition on the ground that Rogers' Fourth Amendment claim is not cognizable on habeas review when the state prisoner has been provided with a full and fair opportunity to litigate his Fourth Amendment claim. *R&R,* at 11-13 (citing *Stone v. Powell*, 428 U.S. 465 (1976)). The Magistrate Judge explained that the Sixth Circuit Court of Appeals employs a two-step inquiry to determine whether a defendant was given a full and fair opportunity to litigate a Fourth Amendment claim in state court; i.e., (1) whether the state procedural mechanism, in the abstract, present the opportunity to raise a Fourth Amendment claim, and (2) whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Id.* at 13 (citing *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) and *Riley v. Gray*, 674 F.2d 522, 527 (6th Cir. 1982)). The Magistrate Judge found that the state procedural mechanism, in the abstract, presented the opportunity to raise his Fourth Amendment claim, *id*. at 13, and that there was no failure of that procedural mechanism for the reasons detailed at length on page 14 of the R&R. The Court has

reviewed the cases cited by the Magistrate Judge to ensure their correctness, and has reviewed the record. The Court agrees with the Magistrate Judge's evaluation of the issue and his conclusions.

The R&R that was issued to Rogers at the Richland Correctional Institution on March 28, 2008 was returned to sender stating that Rogers was "not on file." *See ECF No. 11*. The Clerk of Court's search of Rogers' inmate number on the Ohio Department of Corrections' website revealed that Rogers is now located at Toledo Correctional facility, and mailed a copy of the R&R to Rogers at that location on April 7, 2008. *See non-document entry at ECF No. 11*.

Under the relevant statute:

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C) (1988) (emphasis added). It is now April 30, 2008. More than three weeks have elapsed since the R&R was issued, and neither an objection nor a request for an extension to file objections has been filed.

The failure to timely file written objections to a Magistrate Judge's report and recommendation constitutes a waiver of a *de novo* determination by the district court of an issue covered in the report. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Court has reviewed the Magistrate Judge's comprehensive, well-written Report and Recommendation (**ECF No. 10**), agrees with its conclusions and hereby **ADOPTS** it. Accordingly, the § 2254 Petition (**ECF No. 1**) is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster    May 1, 2008*
**Dan Aaron Polster
United States District Judge**